IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HAROLD W. MELBIE,                           )
                                            )
                Petitioner,                 )
                                            )        CIVIL ACTION
v.                                          )
                                            )        No. 15-3174-KHV
CLAUDE MAY,                                 )
                                            )
                Respondent.                 )
_____    )

**MEMORANDUM AND ORDER**

This is a petition for writ of habeas corpus filed under 28 U.S.C § 2241 by an inmate at the United States Penitentiary in Leavenworth, Kansas.  In 2013, petitioner was convicted in the United States District Court for the Southern District of Iowa of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  See United States v. Melbie, Case No. 4:12-cr-00157-JAJ (S.D. Iowa 2013).  The court found that petitioner's prior convictions qualified him for the 15-year mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).  The Court of Appeals for the Eighth Circuit affirmed, and the United States Supreme Court denied review.  United States v. Melbie, 751 F.3d 586, 587 (8th Cir.), cert. denied, 135 S.Ct. 384 (2014).  In November of 2014, petitioner filed his first motion under 28 U.S.C. § 2255.  The sentencing court denied that motion on the merits.  See Melbie v. United States, Case No. 4:14-cv-0470-JAJ (S.D. Iowa, Mar. 16, 2015)(Doc. #5).  On June 23, 2015, the Eighth Circuit Court denied petitioner's motion for certificate of appealability and dismissed his appeal.  See id. (App. Case No. 15-1725)(Doc. #11).  Three days later, the United States

Supreme Court decided <u>Johnson v. United States</u>, ___U.S.___, 135 S.Ct. 2551 (June 26, 2015).[1] Thereafter, after he filed this action, petitioner filed a <u>Petition for Permission to File a Successive Habeas Petition</u> in the Eighth Circuit Court asserting that his sentence should be vacated under <u>Johnson</u>.  See <u>Melbie v. United States</u>, App. Case No. 15-2966.[2]  In December of 2015, the Eight Circuit Court denied the petition without discussion.  <u>Id.</u> (Doc. #6).

In this petition under Section 2241, petitioner cites <u>Johnson</u> and claims that in treating his prior 1987 burglary conviction as a violent felony, the sentencing court applied the unconstitutionally vague residual clause in 924(e)(2)(B)(ii).  He asks this Court to resentence him to three to six years.

The Court dismisses this action without prejudice because it lacks statutory jurisdiction under Section 2241 to decide the merits of petitioner's challenge to his federal sentence.

Generally, a federal inmate's exclusive remedy for challenging his conviction or sentence is a motion under Section 2255 in the sentencing court.  Federal prisoners are provided a single opportunity to have a motion under Section 2255 considered on the merits, and successive motions are normally barred.[3]  A petition under Section 2241 in the district of confinement is not

---

[1]    Federal law makes the possession of a firearm by a felon a crime punishable by a prison term of up to 10 years, but the ACCA increases that sentence to a mandatory 15 years to life if the offender has three or more prior convictions for a "serious drug offense" or a "violent felony."  The so-called residual clause included in the definition of "violent felony" any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another."   18 U.S.C. §924(e)(2)(B)(ii).   In <u>Johnson</u>, the Supreme Court held that clause unconstitutional under the void-for-vagueness doctrine.  <u>Johnson</u>, 135 S.Ct. at 2557.

[2]    Respondent argues that <u>Johnson</u> does not apply to Melbie's sentence because "two of his qualifying convictions were for felony controlled substance offenses and two were for second degree burglary" and neither involved the residual clause.  <u>Id.</u> (<u>Resistance to Application</u>)(Doc. #3) at pg. 2 (citation omitted).

[3]    A second or successive motion under Section 2255 may be allowed only under the procedure and limited circumstances set forth in Section 2255(h).  The other significant statutory

an additional, alternative or supplemental remedy to that afforded by motion under Section 2255. Section 2255(e) contains a narrow exception called the "savings clause" under which a federal prisoner may be allowed to petition for habeas corpus relief under Section 2241 after the sentencing court has denied relief under Section 2255. However, to fall within the savings clause and so proceed under Section 2241, a prisoner must show that the remedy under Section 2255 is inadequate or ineffective to test the legality of his detention.[4]   The Tenth Circuit's savings clause test asks "whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion." Prost v. Anderson, 636 F.3d 578, 584 (10th Cir. 2011). "If the answer is yes, then the petitioner may not resort to the savings clause and § 2241." Id. Petitioner has the burden to show that the remedy under Section 2255 is inadequate or ineffective.

Petitioner acknowledges that his claims are challenges to his federal sentence and yet alleges no facts showing that his remedy under Section 2255 was inadequate or ineffective. His bald statement that he "feels" his ACCA claim will satisfy the savings clause test is clearly insufficient. He asserts the decision of the Court of Appeals for the Eleventh Circuit in Bryan v. Warden, 738 F.3d 1253, 1274, 1277-79 (11th Cir. 2013), as authority for him to litigate his sentencing enhancement claim in this Section 2241 petition. However, Bryan listed contrary authority that included Tenth Circuit precedent, which is controlling in this Court. Petitioner alleges that he had no knowledge during his trial and direct appeals that the ACCA was unconstitutional, repeats his arguments on the merits and asserts without explanation that this

---

gate-keeping provision is the one-year statute of limitations in Section 2255(f).

[4]   Section 2255 has been found to be "inadequate or ineffective" only in "extremely limited circumstances," for example, when the sentencing court has been abolished or refuses to consider the motion under Section 2255. Even an erroneous decision on a motion under Section 2255 does not render that remedy inadequate or ineffective.

petition under Section 2241 is the only remedy to resolve the unconstitutional enhancements. Petitioner fails to show that he satisfies the savings clause test and may not litigate his claim under Section 2241.

On April 18, 2016, the United States Supreme Court held that <u>Johnson</u> applies retroactively on collateral review.  <u>Welch v. United States</u>, No. 15-6418, 2016 BL 120401 (Apr. 18, 2016).[5]  Petitioner has demonstrated his awareness that a federal prisoner's procedural vehicle for raising a habeas corpus claim after denial of his first motion under Section 2255 is to request preauthorization from the appropriate Circuit Court of Appeals to file a successive motion under Section 2255.[6]  Petitioner must convince the Eighth Circuit Court that his <u>Johnson</u> claim qualifies under Section 2255(h) for preauthorization to file a successive application in the sentencing court.[7]  The possibility that petitioner will be "statutorily prevented from filing another § 2255 motion" under either the second and successive clause or the statute of limitations does not establish that his remedy under Section 2255 is inadequate or ineffective.

**IT IS THEREFORE ORDERED** that this petition for writ of habeas corpus is dismissed without prejudice**.**

**IT IS FURTHER ORDERED** that petitioner's Motion to Amend is construed as his Motion to Supplement (Doc. #5) filed on April 21, 2016, and granted.

---

[5]     Petitioner's recent filing entitled "Motion to Amend, Add, Notify" in which he informs the Court of the <u>Welch</u> decision is treated as his motion to supplement and granted.

[6]     A district court simply does not have jurisdiction to address the merits of a successive motion under Section 2255 unless the appropriate Circuit Court issues an order granting preauthorization.  See <u>In re Cline</u>, 531 F.3d 1249, 1251 (10th Cir. 2008)(citing 28 U.S.C. § 2244(b)(3)(A), § 2255(h)).  Under Section 2255(h), the Eighth Circuit Court must determine whether petitioner qualifies for preauthorization.  Even if petitioner had already obtained a Circuit preauthorization order, this is not the sentencing court.

[7]     <u>Johnson</u> was decided on June 26, 2015.  Petitioner should immediately file a request for preauthorization to file a successive petition in the appropriate Circuit Court, given that the one-year deadline for filing a petition based on <u>Johnson</u> will expire in June of this year.

Dated this 25th day of April, 2016, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge